Crossan, Appellant, *v.* Galloway.

Argued January 7, 1954. Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and AR-NOLD, JJ.

*Theodore O. Rogers,* for appellant.

*John M. Kurtz, Jr.,* with him *Griffith, Kurtz & Harvey* and *Larmore & Scarlett,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, March 29, 1954:

This was a bill in equity, the complaint reciting that the plaintiff's testator withdrew from his bank account $20,000 in cash and delivered it to the defendant for the purpose "expressly stated by the [plaintiff's testa-tor] to the [defendant] of providing in the hands of the said [defendant] a sum to be used by her for the purchase of a dwelling house or residence for the said [plaintiff's testator]. The sole end and purpose of the said [plaintiff's testator] in delivering the said sum of money to the defendant was that the defend-ant should take and hold said money in trust for and to the sole beneficial use of the said [plaintiff's testa-

tor] and apply the same to the purchase of a dwelling house or residence for [him]. The defendant . . . so understood and so accepted the money delivered to her."

Plaintiff averred further that the testator caused to be transferred and delivered to the defendant upon the same trust, 23 shares of bank stock of the value of $5,500, and that the defendant "failed to purchase a dwelling house or residence for the [plaintiff's testator] in accordance with the terms of the trust imposed in her, and . . . still possesses the corpus of said trust herein described." The plaintiff prays that the defendant be ordered to account for said monies and payover the same to him and assign the certificate of bank stock. As a basis for her refusal to turn these items over to the plaintiff, the defendant set up that the money and the bank stock were an outright gift to her.

The case was pleaded and tried solely upon the theory that there was an express trust of these assets for a certain, definite purpose, and that, the terms of such trust not having been complied with, the defendant should be held accountable as a trustee.

The chancellor held that the plaintiff utterly failed to make out a case establishing said trust, and that consequently was not called upon to prove her defense, affirmative or otherwise. The plaintiff does not question the finding that he failed to establish a trust, but insists that the burden was upon the defendant to establish the gift to her.

The court below aptly said that the initial question raised by the pleadings was "trust or no trust," and not "gift or no gift." There was therefore nothing requiring the defendant to assume the burden of establishing the gift to her until she was placed in a position where, if she made no answer, recovery would be

against her; and until this happened no burden was imposed on her to prove anything.

Parenthetically, the plaintiff did not raise the present question in the court below until after he had filed exceptions to the findings of fact and decree nisi of the chancellor.

The case of *Henes v. McGovern*, 317 Pa. 302, 176 A. 503, and the many other citations of authority contained in plaintiff's brief, to the effect that the burden of proof rests on him who seeks to establish the gift, have no application to the facts in this case. In the *Henes* case the orphans' court directed a precept to the common pleas to try the issue whether the money which had come into Mrs. Henes' possession was a gift, and further directing that in this issue Mrs. Henes should be plaintiff. Thus she assumed the burden of proof that the money was a gift. Without multiplying the authorities cited on this question, we conclude that they have no application here. The issue here was "trust or no trust" and not "gift or no gift."

The decree of the court below is affirmed at the cost of the plaintiff.